**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| DARRELL SCOTT HINSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | NO. 3:07-0376 |
| | ) | JUDGE HAYNES |
| GEORGIA-PACIFIC CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |

## M E M O R A N D U M

Plaintiff, Darrell Scott Hinson, a Tennessee citizen, filed this action originally in the Circuit Court of Wilson County, Tennessee against the Defendant, Georgia-Pacific, a Delaware limited liability company. Plaintiff asserts state law claims against the Defendant for harassment, retaliation, assault and battery as well as various negligence claims. Plaintiff's claims arise from his status as a whistleblower and his complaining about the Defendant's alleged unethical conduct and his supervisors' responses thereto. Plaintiff's state court complaint limits his damages claim to sixty-five thousand dollars ($65,000).

The Defendant removed this action to this Court under 28 U.S.C. § 1441, and relies upon 28 U.S.C. § 1332, the federal diversity statute, for this Court's jurisdiction. In its notice of removal, the Defendant asserts complete diversity of citizenship and an amount in controversy in this action that exceeds $75,000. (Docket Entry No.1).

Before the Court are the Plaintiff's motion to remand (Docket Entry No.10) and the Defendant's motion for costs. (Docket Entry No. 13).

In his motion to remand, Plaintiff contends, in sum, that his state court complaint clearly limits his damages claim to $65,000 that is less than the required amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues, in sum: (1) that the Defendant's calculation of Plaintiff's potential recovery is arbitrary in selecting the length of time for any front pay award: (2) that in its estimate of Plaintiff's damages, the Defendant includes interest and costs that are not permitted by Section 1332; and (3) that the Plaintiff's duty to mitigate his damages would reduce any front pay award. The Defendant responds that a realistic assessment of the amount of Plaintiff's actual damages exceeds $75,000, due to his various claims for backpay, front pay, compensatory and punitive damages, thereby establishing this statutory requirement for diversity jurisdiction. (Docket Entry No.14).

In its motion for costs, the Defendant cites Plaintiff's prior state court action that was removed and then dismissed without prejudice. The Defendant relies upon Fed. R. Civ. P. 41(d) that requires a plaintiff who files a second action after a prior removal of this action and dismissal without prejudice to pay the Defendant's costs for the removal of the Plaintiff's first action or to stay the second action is required.

### A. Analysis of the Motions

As pertinent here, Plaintiff's complaint seeks relief or "front pay, back pay (plus interest), compensatory, punitive, and/or nominal notices damages in an amount not to exceed sixty-five thousand dollars and 00/000 dollars." (Docket Entry No. 1, Attachment thereto, Complaint at p. 8). Plaintiff also seeks "such other further and additional relief that the Court deems just and proper, including, but not limited to an award of costs and expenses." Id.

The record reflects that on November 14, 2006, Plaintiff filed a similar complaint against this

2

Defendant in state court that was removed to this court. Civil Action No. 3:07-cv-0049 (M.D. Tenn, Docket Entry No. 1). The Defendant removed that action citing diversity jurisdiction under 28 U.S.C. § 1332(a). Id. In that action, Plaintiff asserted claims for attorney's fees under Tennessee's whistleblower statute that Defendant alleged, increased the amount in controversy to exceed $75,000. Id. After the removal, Plaintiff voluntarily dismissed that action and the Court entered an Order dismissing the action without prejudice. Id. at Docket Entry Nos. 8 and 9.

On February 14, 2007, Plaintiff filed his second state court action with the same factual allegations, but without his claim under the Tennessee Whistleblowers Statute, Tenn. Code Ann. § 50-1-304, that authorizes an award of attorney's fees.

### B. Conclusions of Law

As to the motion to remand, the removal statutes, 28 U.S.C. §1441 et. seq. are subject to strict construction, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.C.t 868, 85 L.Ed. 1214 (1941) and are "to be construed strictly, narrowly and against removal." Tech Hills II Assocs. V. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993). "All doubts are resolved against removal." Coyne v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999). As this Court observed, removal statutes "are to be strictly construed [and] ... in favor of remand." Nasco Inc. v. Norsworthy, 785 F.Supp. 707, 710 (M.D.Tenn. 1992)(Higgins, D.J.). "The policy promotes comity and the rights independence of state governments." Id. (quoting Healy v. Ratta, 292 U.S. 263, 270 (1934)).

Here, the issue on removal is whether the amount in controversy under Plaintiff's second complaint satisfies the prerequisite for diversity jurisdiction under § 1332. Under 28 U.S.C. § 1332(a), "[t]he district court shall have original jurisdiction of all civil actions where the matter in

3

controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between ... citizens of different states."

In diversity citizenship actions, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount in the complaint is not claims 'in good faith'." Horton v. Liberty Mutual Life Ins. Co., 367 U.S. 348, 353 (1961) (quoting St. Paul Mercury Independent Co. v. Rea Co., 303 U.S. 283, 288-289 (1938). Under St. Paul Mercury, if "[the plaintiff] does not desire to try his case in the federal count he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." 303 U.S. at 294. Thus, a plaintiff can waive his right to recovery and alleged an amount below the minimum amount required under the diversity statute. In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 607 (7th Cir. 1997); and Smith v. Paul Revere Life Ins. Co., 391 F.Supp. 310, 311 (E.D. Tenn. 1974).

Damages claims can be aggregated to establish jurisdictional amount requirement, Lemmon v. Cedar Point, Inc., 406 F.2d 94, 96 (6th Cir. 1969), including punitive damages "unless it is apparent to a legal certainty that such cannot be recovered. Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001). Accord Wood v. Stark Tri-County Bldg. Trades Council, 473 F.2d 272 (6th Cir. 1973). (All ... punitive as well as compensatory damages claimed by plaintiff are to be considered in the determination of whether the requisite jurisdictional amount is actually in controversy.")

The burden of proof is on the defendant to justify its removal of the action by a preponderance of the evidence. Gafford v. General Electric Co., 997 F.2d 150, 160 (6th Cir. 1993). Given that Tennessee law allows a plaintiff to recover more than alleged in his complaint, the Sixth

4

Circuit defined the Defendant's burden as proving that "it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirements." Rogers v. Wal-Mart Stores, 230 F.3d 868, 871 (6th Cir. 2000) (quoting Gafford, 997 F.2d at 158). In Rogers, the Sixth Circuit deemed Tenn. R. Civ. P. 54.03, to justify an analysis of the amount in controversy beyond a stated damages limitation in a state court complaint.

Here, as in Rogers, Plaintiff's first state court action was removed and after removal, the plaintiff dismissed her complaint. The Plaintiff then filed a second action on the same facts, but limited her claim to not to exceed $75,000. Id. After the removal of the second action, Plaintiff stipulated that her total damages would not exceed $75,000. Id. The district court denied the Plaintiff's motion to remand and awarded the Defendant its costs and attorney's fees for the earlier removal of that Plaintiff's original action. The Sixth Circuit affirmed, concluding that the Plaintiff's second demand for less than $75,000 stipulation did not preclude removal. Id. See also Parrigin v. Pfaff Indus. Of Am. Inc., 2006 WL 3759585 at * 2 (W. D. Ky. Dec. 19, 2005) ("the fact that [p]laintiff limited his claimed damages in the [c]omplaint does not foreclose removal in this matter").

With fifteen (15) months of back pay, Plaintiff would be entitled to approximately $41,199.99. Plaintiff's annual salary was approximately $32,960. With Plaintiff's additional claims for compensatory damages and punitive damages, Plaintiff's potential recovery could exceed $75,000, given the nature of his conduct as a whistleblower and the Defendant's alleged unethical conduct.

To be sure, Plaintiff disputes the Defendant's calculation, and cites his legal duty to mitigate his damages and the fact that he has a new job that now pays higher wages than the Defendant. Yet, with the amount of his backpay and the nature of his claims, Plaintiff's additional claims for

5

compensatory and punitive damages, Plaintiff's claims could present a controversy exceeding $75,000.

If this were Plaintiff's first action, the Court would be inclined to remand this action. Yet, given that the Plaintiff did not contest an earlier removal based upon the contention that his claims exceeded $75,000 and given that Tennessee law would allow a higher recovery than Plaintiff's stated limitation in his complaint, the Court deems a remand in this action inappropriate.

Given that this is Plaintiff's second action and the holding in Rogers, the Court awards the Defendant its costs of removal, as clearly warranted under the circumstances outlined above and the express language of Fed. R. Civ. P. 41(d).

For these reasons, the Court concludes that Plaintiff's motion to remand should be denied and the Defendant's motion for costs should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___13___ day of June, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge

6